UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| THOMAS M. FANCHER, JR., | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: |
| | ) |
| PHILLIPS & COHEN ASSOCIATES LTD | ) |
| | ) |
| DEFENDANT. | ) |

## COMPLAINT

1. This is an action brought by the Plaintiff for actual and statutory damages, attorneys' fees, and costs for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"); and for compensatory and punitive damages for the Defendant's violations of Alabama State Law set forth herein.

## Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d); 28 U.S.C. § 1331; and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

## Parties

3. The Plaintiff, Thomas H. Fancher, Jr., is over the age of twenty-one (21), is a citizen of the State of Alabama, and resides in Briefield, Bibb County Alabama.

4. Defendant, Phillips & Cohen Associates Ltd. is a New Jersey corporation registered to do business in Alabama with the Alabama Secretary of State. Defendant may be served with process through its registered agent for service of process, The Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama 36109. The Defendant is a "debt collector" as defined

by the FDCPA 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

5.  In March, 2006, the Plaintiff began receiving telephone calls at home and at work from the Defendant's collectors. During these calls the collectors stated they were calling on a Sears account. The Plaintiff told the collectors that he did not have a Sears account, but the collectors continued to call.

6.  On May 2, 2006, the Plaintiff sent Defendant a letter stating that he had received their letter regarding a Sears credit card. (A copy of this letter is attached hereto as Exhibit A). In this letter the Plaintiff informed the Defendant that he never opened a Sears account and he requested verification of the debt including all documents and signatures used to open the account. The Plaintiff also demanded that Defendant stop all reporting of the account as belong to him.

7.  To date, the Defendant has never provided the Plaintiff with the requested verification of the account. However, the Defendant has continued to call the Plaintiff demanding payment.

8.  The Defendant called the Plaintiff at work. The Plaintiff informed the Defendant that he could not receive calls at work but the Defendant continued to call the Plaintiff at work.

9.  During the calls from Defendant's collectors to the Plaintiff, the collectors have been rude, called the Plaintiff a liar, and told the Plaintiff that he was going to be sued.

## COUNT ONE
## FAIR DEBT COLLECTIONS PRACTICES ACT

10. The Plaintiff adopts the averments and allegations of paragraphs 5 through 9 hereinbefore as if fully set forth herein.

11. The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

12. The Defendant violated §1692c(a)(1) by contacting the Plaintiff at a time or place Defendant knew or should have known was inconvenient to the Plaintiff.

13. The Defendant violated §1692c(a)(3) by continuing to contact the Plaintiff at his place of employment after Defendant knew or had reason to know that the Plaintiff was prohibited from receiving such communications.

14. The Defendant violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff by using language the natural consequence of which is to abuse the hearer; and by repeatedly telephoning the Plaintiff with the intent to annoy, abuse, or harass the Plaintiff in an effort to coerce him into paying a debt.

15. The Defendant violated §1692e by making false and misleading representations to the Plaintiff, specifically that he was going to be sued if he did not pay this debt. At the time the Defendant made these representations to the Plaintiff, the Defendant knew, or should have known, that said representations were false. Said representations made by Defendant were made recklessly, willfully, and/or intentionally.

16. The Defendant threatened to take action, sue the Plaintiff, which they did not intend to take in violation of §1692e(5).

17. The Defendant failed to communicate that a disputed debt was disputed in violation of §1692e(8).

18. In violation of 15 U.S.C. §1692g(b), after receiving written notification from the Plaintiff that the debt was disputed, the Defendant failed to provide the Plaintiff with verification of the debt and also failed to cease collection of the debt pending receipt of the verification of the debt.

19. As a proximate result of the Defendant's actions, the Plaintiff was caused to suffer actual damages for worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish.

## COUNT TWO
## INVASION OF THE RIGHT OF PRIVACY

20. The Plaintiff adopts the averments and allegations of paragraphs 5 through 19 hereinbefore as if fully set forth herein.

21. The Defendant undertook and or directed a series of communications to the home of the Plaintiff beginning in March, 2006 and continuing through September 2006, constituting an invasion of privacy, as set out and described

in the common law of the State of Alabama. Said communications were systematic and continuous in number and made in disregard for Plaintiff's right to privacy after repeated requests that the Defendant no longer contact him. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt he did not owe.

22. Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by various individuals who were the employees of and acting on behalf of the named Defendant.

23. Plaintiff repeatedly and continuously requested that the Defendant stop communicating with him because this was not his account. Defendant refused to cease communicating directly with the Plaintiff.

24. Said communications constitute the unwarranted and/or wrongful intrusion into the Plaintiff's private activities, as well as an intentional intrusion into his solitude and seclusion.

25. As a proximate consequence of said invasion of the right of privacy, the Defendant has caused the Plaintiff to suffer worry, fright, humiliation, loss of sleep, anxiety, nervousness, family discord, anger, physical pain and sickness, and mental anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

26. The Plaintiff adopts the averments and allegations of paragraphs 5 through 25 hereinbefore as if fully set forth herein.

27. Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

28. Defendant knew or should have known that said conduct was improper and in violation of the FDCPA and Alabama state law.

29. Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

30. The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA and Alabama law as it relates to communications with consumers.

31. As a result of the Defendant's recklessness and wantonness, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## COUNT FOUR
## NEGLIGENT TRAINING AND SUPERVISION

32. The Plaintiff adopts the averments and allegations of paragraphs 5 through 31 hereinbefore as if fully set forth herein.

33. Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

34. Defendant knew or should have known that said conduct was improper and in violation of the FDCPA and Alabama state law.

35. Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

36. The Defendant negligently failed to train and supervise collectors on the FDCPA and Alabama law as it relates to communications with consumers.

37. As a result of the Defendant's negligence, the Plaintiff suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the Defendant for the following:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA;
B. Actual damages for the Defendant's violations of the FDCPA;
C. Statutory damages of $1,000 from the Defendant pursuant to 15 U.S.C. § 1692k;
D. Compensatory and punitive damages against the Defendant on Plaintiff's state law claims in an amount due to determined by a jury; and
E. For such other and further relief as the Court may deem just and proper.

/s/ Penny Hays Cauley
Penny Hays Cauley (ASB-6309-A63P)
Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
P. O. Box 2629
Tuscaloosa, AL 35403
(205) 464-0021 Telephone
(205) 464-0022 Facsimile

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/ Penny Hays Cauley
Penny Hays Cauley ASB-6309-A63P
Attorney for Plaintiff

**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AT:**

Phillips & Cohen Associates Ltd.
c/o The Corporation Company, Registered Agent
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

Case 7:07-cv-00207-LSC    Document 1    Filed 01/31/2007    Page 7 of 7

Thomas M. Fancher, Jr
P.O. Box 267
Wilton, AL  35187

5/2/2006

Phillips & Cohen Associates, Ltd.
258 Chapman Road
Suite 205
Newark, DE  19702

Dear Sir:

I received your letter claiming I owe $7,453.16 as a result of a Sears-Citi-Sears credit card. I never opened a Sears-Citi-Sears account and I dispute all liability on this debt. I just learned of the debt and I am hereby requesting that you provide me complete verification of the debt including all documents used to open this account, copies of all charges made on this account, and a copy of all identification and signatures used to open this account.

You are hereby notified that I dispute this account in its entirety. STOP all reporting of this account as belonging to me. This is a fraud account which was opened without my knowledge or permission.

Thanks

*Thomas M Fancher Jr*
Thomas M. Fancher Jr.

**EXHIBIT A**